ALASKA COMMERCIAL CO. v. DINKELSPIEL.

(Circuit Court of Appeals, Ninth Circuit.   November 9, 1903.)

No. 858.

1. APPEAL—RECORD—FACTS SHOWN BY BILL OF EXCEPTIONS.

A bill of exceptions, signed by the successor of the judge who presided at the trial, on evidence produced before him, and certified as containing all the evidence and proceedings, which shows that a certain paper was produced by a witness, and marked for identification, but makes no further reference to it in connection with the taking of testimony, must be held by the appellate court to affirmatively show that such paper was not offered or introduced in evidence, notwithstanding a statement, shown to have been made by the trial judge when the paper was referred to on the argument of the case, that it was his recollection that it had been introduced in evidence.

On Rehearing.

For former opinion, see 121 Fed. 318.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge.   A rehearing of this case (121 Fed. 318, 57 C. C. A. 14) was granted upon the single question whether it appeared from the bill of exceptions that a certain paper known in the records as "Plaintiff's Identification D" was in fact not offered in evidence or read to the jury on the trial of the cause in the court below.   The defendant in error relies upon the rule that upon the question whether or not a certain fact is proven in evidence, or certain evidence has been offered on the trial of a cause, the decision of the trial judge is final; and upon the further rule that error must be made affirmatively to appear; and that, unless excluded by the bill of exceptions, this court is bound to presume anything in support of the judgment of the court below.   What we hold in this case is that it affirmatively appears from the bill of exceptions that the paper in question was never offered in evidence or read to the jury.   The cause was tried before Judge Noyes, and the bill of exceptions was settled and certified by his successor, Judge Wickersham.   The certificate is that all the evidence and proceedings in said cause were taken down in stenographic notes, which have been reduced to typewriting, and, as so presented, are certified to be a true bill of exceptions.   The proceedings so embodied in the stenographic notes show that the paper in question was produced and identified, and was then marked for identification, "Plaintiff's identification D," and that no further reference was made thereto in the proceedings, except the remarks of the court and counsel hereafter referred to.   The paper was never marked as an exhibit in the case. The record contains no objection to its introduction, and no cross-examination upon it.   Judge Wickersham, in making his certificate, had before him the stenographic notes and the affidavit of the stenographer that the paper was never offered in evidence.   Thereupon he acted in signing the certificate to the bill of exceptions.   Now, the only evidence which was before him tending to contradict the

notes and the affidavit of the stenographer was the remark made by Judge Noyes when the attorney for the plaintiff in error objected to the submission of the paper to the jury for the reason that it had not been offered in evidence. Judge Noyes replied: "My recollection of that paper was that it was marked as identified, then offered and received in evidence;" to which the attorney for plaintiff in error replied, "It was identified, but never offered in evidence;" and the attorney for defendant in error then said, "It was an oversight if it was not offered in evidence, may it please the court." It is true that the decision of the trial judge upon the question whether or not this paper was in evidence would have been final if stated in a bill of exceptions. It was not so stated in this case. Judge Noyes has never certified that the paper was offered or admitted in evidence. It is true that in the course of the trial he stated that it was his recollection that it was so offered and received—a statement which was immediately·denied by counsel for plaintiff in error, and substantially admitted to be untrue by opposing counsel. Will it be contended that the remark of the judge in the course of the trial precluded the plaintiff in error from ever after obtaining in a bill of exceptions a statement of the truth? Clearly not. There was nothing to prevent Judge Noyes, if he became convinced of his error, from thereafter signing a bill of exceptions which embodied the actual fact; nor was there anything to prevent his successor, upon the proofs brought before him, from correcting that error, and from certifying that all the evidence and proceedings on the trial were embodied in the bill of exceptions. We find no ground for disturbing our former decision.

The judgment of the lower court will be reversed, and the cause remanded for a new trial.